**COMPETITIVE ENTERPRISE INSTITUTE, et al.,**
**Appellants**

**v.**

**Paul H. O'NEILL, Secretary of the United States Department of Treasury, et al., Appellees**

**No. 01–5241.**

United States Court of Appeals, District of Columbia Circuit.

May 10, 2002.

Rehearing Denied June 13, 2002.

Before EDWARDS, HENDERSON and GARLAND, Circuit Judges.

JUDGMENT

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by counsel. It is

ORDERED that the judgment from which this appeal has been taken be affirmed.

Competitive Enterprise Institute and Consumer Alert (collectively, CEI) appeal the district court's June 18, 2001 opinion and order granting summary judgment to the Bureau of Alcohol, Tobacco and Firearms (ATF) and dismissing CEI's claims without prejudice. *See* Joint Appendix (JA) 110–14. CEI had filed suit against the ATF, alleging that since 1993 the ATF has maintained a "de facto ban" on "truthful and non-misleading ... statements on alcoholic beverage labels and advertisements ... concerning the health benefits of moderate consumption" of such beverages. *Id.* at 22, 26–27. CEI had claimed, *inter alia*, that the "ban" violates (1) the "First Amendment rights of both speakers ... and listeners," *id.* at 26, and (2) the Federal Alcohol Administration Act, ATF regulations and the Administrative Procedure Act. Citing the two-part standard of *Abbott Laboratories v. Gardner*, 387 U.S. 136, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967), the district court concluded that CEI's claims were not ripe for review. We agree.

CEI can demonstrate neither that its claims are fit for judicial decision, *see Abbott Labs.*, 387 U.S. at 149, 87 S.Ct. 1507, nor that it will suffer any palpable hard-

ship if judicial review is withheld for the few remaining months of the ATF's pending rulemaking, *see id.* As the district court correctly observed, the rulemaking may render nugatory any court decision issued in the interim; because the court did not know what shape the agency's regulation would take, it was well-advised to withhold review. *See* JA 112–13 ("The Court is loath[ ] to run the risk of issuing an advisory opinion on issues of First Amendment importance, especially in a case in which the exact nature of the plaintiffs' challenge is unclear." (citing *Renne v. Geary*, 501 U.S. 312, 324, 111 S.Ct. 2331, 115 L.Ed.2d 288 (1991)). Moreover, as the government points out, CEI will suffer minimally, if at all, from waiting until a concrete rule is promulgated before presenting its First Amendment challenge to the court. *See* Br. of Appellees at 24–28. While CEI correctly asserts that the ATF has taken a number of years to initiate the rulemaking process, *see* Br. of Appellants at 25–26, it does not dispute that the rulemaking is now nearing completion. Nor does it contest the district court's conclusion—buttressed by CEI's own extensive report to us regarding "the medical evidence on moderate alcohol consumption and health," *id.* at 8 (capitalization altered)—that CEI "already [has] access to information regarding alleged benefits of wine consumption from avenues other than alcoholic beverage labels." JA 113.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.